### LANDY, Plaintiff-Appellee, v. TALLISMAN, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20533—Decided November 12, 1946.

A. B. Weber, Cleveland, for plaintiff-appellee.
C. A. Doyle, Cleveland, for defendant-appellant.

## OPINION

PER CURIAM:

This is an action in forcible entry and detainer in which the Municipal Court rendered a judgment for the plaintiff and the defendant herein appeals.

The principal ground of the defendant for a reversal of the judgment is that the notice to vacate was defective. The notice is in the following words:

"To Julius J. Tallisman:

Sir: I wish you to leave the following premises, now in your occupation, situated in the city of Cleveland, County of Cuyahoga and State of Ohio, and known as being a suite of five (5) rooms located at 11230 Parklawn Avenue, Cleveland, Ohio, together with a lot of land, on which said suite of rooms and premises is situated, for the sole occupancy of the owner as per Certificate of Eviction issued by the Office of Price Administration Docket No. 104892.

Your compliance with this Notice on or before June 9th, 1946, will prevent any legal measures being taken by the undersigned to obtain possession.

Yours respectfully

Morris Landy

By J. Landy, Agent.

Dated this 5th day of July A. D. 1946."

It is the contention of the defendant appellant that the notice served on July 5, 1946, requesting compliance on or before June 9, 1946, is not a compliance with the statute.

Sec. 10451 GC provides:

"A party desiring to commence an action under this chapter must notify the adverse party to leave the premises, for the possession of which action is about to be brought, three or more days before beginning the action, by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode."

It is admitted in this case that the notice to vacate was served on July 5, 1946, and the record discloses that this action was brought on July 16, 1946 and personal service of summons had on defendant on July 17, 1946.

Counsel for appellee contends that the statement as to compliance "on or before June 9, 1946" contained in the notice to vacate was clearly erroneous and that June 9, 1946 should read "July 9, 1946."

In the view that we take of the case the error in the reference to June 9, 1946, is of no importance. The notice to vacate is definite and unambiguous. The clause in which the words "June 9, 1946" appear is not an essential part of the notice to vacate.

It is sufficient compliance with the statute if the suit to vacate the premises is not brought until three days have elapsed after service of the notice.

In the case of Mack v. Eckerlin, 17 O. C. C. Rep. 133 (1905) it appears that the notice to vacate contained the following statement:

"Your compliance with this notice of May 14, 1904, will prevent legal measures being taken."

The case was brought on May 14, 1904 as is shown by the record. The court of appeals for Hamilton County in determining the sufficiency of the notice says: (Syllabus 3)

"The provision, 'that your compliance with this notice on May 14, 1904 will prevent legal measures being taken by me' contained in a notice to leave premises which was served on the tenth of the month, may amount to an implied promise that the tenant may leave the premises on the fourteenth, but, being unsupported by any consideration, is not binding upon the landlord; and in such case an action for forcible entry and detainer may be commenced after three days from service of the notice."

This case was affirmed by the supreme court without opinion and remains unmodified and unreversed to this date. See 75 Oh St 624.

It is, therefore, our conclusion that the notice to vacate was not fatally defective and that it was in full compliance with §10451 GC.

The judgment of the Municipal Court is affirmed.

SKEEL, PJ, HURD and MORGAN, JJ, concur.